UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
WhitServe LLC,                                                )
    Plaintiff and Counterclaim Defendant,         )
                                                              )
    v.                                            )   Civil Action No.
                                                              )   3:06CV01935 (AVC)
Computer Packages, Inc.,                                      )
    Defendant and Counterclaim Plaintiff,         )
                                                              )
Praxair, Inc.; and                                            )
Additional Jane and John Does                                 )
    Defendants,                                   )
                                                              )
    v.                                            )
                                                              )
Wesley W. Whitmyer, Jr.                                       )
    Third Party Defendant.                        )
---------------------------------------------------------------x

**WHITSERVE'S REPLY TO CPI'S OPPOSITION TO WHITSERVE'S MOTION
TO COMPEL THE PRODUCTION OF ATTORNEY OPINIONS**

    WhitServe LLC ("WhitServe") replies to CPI's Opposition (Dkt #49)To WhitServe's Motion To Compel The Production Of Attorney Opinions (Dkt #41).

    WhitServe requests that the Court order CPI to indicate in writing whether or not it intends to assert an advice of counsel defense and produce the attorney-client communications by July 6, 2007.

    CPI does not dispute that it must make an election. CPI also does not dispute that WhitServe is entitled to take discovery on this defense if CPI chooses to assert it. However, CPI claims that it must be permitted until the eleventh hour to determine if it will rely on this defense. Discovery closes on September 28, 2007 and we are almost at the eleventh hour. WhitServe is entitled to timely discovery of CPI's attorney opinions and other communications

between CPI and it's counsel. *Neorx Corp. v. Immunomeds., Inc.*, 92-2853(HLS), 1993 WL 592531, at *2 (D.N.J. 1993); *Valois of America, Inc. v. Risdon Corp.*, 1998 WL 1661397 *2-*3 (D.Conn.) (citing *Edward Lowe Industries, Inc. v. Oil-Dri Corp. of America*, 1995 WL 609231 *3 (N.D. Ill.). Delaying CPI's obligation to make this determination until the end of discovery will require the parties to extend the deadline for the close of discovery. In fact, that is exactly what CPI is proposing. (See, CPI Opposition at 6).

CPI's request to delay its obligation to make a decision appears to be a part of an effort by CPI to withhold information from WhitServe regarding its declaratory judgment claims that the WhitServe patents are not infringed and are invalid and unenforceable. WhitServe has propounded interrogatories on to CPI inquiring into CPI's basis for these claims. (See, Strate Decl. Ex. G). WhitServe has repeatedly requested that CPI answer these interrogatories. (See, Strate Decl. Ex. I, K). While on May 7, 2007 CPI informed WhitServe that "CPi's responses to WhitServe's contention interrogatories will be forthcoming," a month later CPI began to assert that responding to these interrogatories was premature. (See, Strate Decl. Ex. J, L). CPI's declaratory judgment claims are independent and CPI must have a basis for bringing these claims. *See Cardinal Chemical Co. v. Morton International Inc.*, 508 U.S. 83, 96 (U.S. 1993) ("A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement."). CPI is attempting to close off any obligation to disclose its contentions that it does not infringe the WhitServe Patents and that the WhitServe Patents are invalid and unenforceable, including its attorney opinions

if it intends to rely on the advice of counsel defense.

CPI claims that it has not had a reasonable opportunity to conduct discovery before making this determination even though discovery has been ongoing since January 31, 2007. However, WhitServe has requested that CPI not be obligated to make this determination until July 6, 2007. By this time CPI will have received WhitServe's technical expert's report on infringement. Further, WhitServe provided CPI with claim charts regarding its infringement on May 2, 2007. (See, Strate Decl. Ex. H). Still further, CPI has propounded expansive document requests on WhitServe and Whitmyer, the full scope of which is questionable. In response to these requests WhitServe has produced over 12,000 pages of documents responsive to these requests. Whitmyer has produced over 36,000 pages of responsive documents. On the other hand CPI has delayed seeking the deposition testimony that it claims is necessary for making this determination by not providing WhitServe with a notice of deposition until within the last two weeks. (See, Strate Decl. Ex. M). CPI's decision to delay its pursuit of discovery to support its claims and defenses should not justify CPI's claim that it lacks sufficient discovery to make this decision. WhitServe should be provided sufficient time to review CPI's attorney opinions and depose all relevant witnesses that drafted and relied on those opinions. WhitServe should also be provided with the opportunity to depose CPI's expert regarding the reasonableness of those opinions.

While CPI is correct that it is entitled a reasonable opportunity to discovery before making its election, it has had this opportunity.

Respectfully submitted,

June 28, 2007

/s/ Gene S. Winter
Gene S. Winter, ct05137
Christopher H. Strate, ct26931
Walter B. Welsh, ct27210
ST.ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, Connecticut 06905
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: lit@ssjr.com

Fritz L. Schweitzer, III, ct26689
Schweitzer Cornman Gross & Bondell LLP
292 Madison Avenue, 19th Floor
New York, New York  10017
Telephone: (646) 424-0770
Facsimile: (646) 424-0880
Email: fls3rd@scgb-law.com

ATTORNEYS FOR PLAINTIFF AND
COUNTERCLAIM DEFENDANT WHITSERVE LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **WHITSERVE'S REPLY TO CPI'S OPPOSITION TO WHITSERVE'S MOTION TO COMPEL THE PRODUCTION OF ATTORNEY OPINIONS, OR IN THE ALTERNATIVE, TO PRECLUDE CPI'S ASSERTION OF THE ADVICE OF COUNSEL DEFENSE TO A CHARGE OF WILLFUL INFRINGEMENT** is being served this 28th day of June, 2007 via electronic filing and first class mail, postage prepaid to:

Alfred U. Pavlis
Daly & Pavlis, LLC
107 John Street
Southport, Connecticut  06890


John A. Krause
Ronald A. Clayton
Douglas Sharrott
Benjamin Charkow
Marc J. Pensabene
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York  10112-3801


Wesley W. Whitmyer, Jr.
986 Bedford Street
Stamford, Connecticut  06905

6/28/07
Date