```
UNITED STATES DISTRICT COURT
    DISTRICT OF CONNECTICUT
```

| | | |
|---|---|---|
| WHITSERVE LLC, | : | |
|   Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:06CV01935(AVC) |
| | : | |
| COMPUTER PACKAGES, INC.; | : | |
| et al., | : | |
|   Defendants. | : | |

### RULING ON THE DEFENDANT'S MOTION TO DISMISS
### AND THE PLAINTIFF'S MOTION TO COMPEL

This is an action for damages and injunctive relief. It is brought pursuant to 35 U.S.C. §§ 281 et seq.[1] The plaintiff, WhitServe LLC ("WhitServe") alleges that the defendants, Computer Packages, Inc. ("CPI"), unnamed CPI customers, and Praxair, Inc., have infringed on a number of WhitServe's patents. CPI has filed a counter-claim against WhitServe and one Wesley Whitmyer, seeking a declaratory judgment regarding the validity of WhitServe's patents. Whitmyer has in turn filed a malicious prosecution counter-claim against CPI.

CPI now moves to dismiss Whitmyer's counter-claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, WhitServe moves to compel discovery pursuant to Rule 37.

The issues presented are: 1) whether Whitmyer's counter-claim states a vexatious litigation cause of action; 2) whether at some date certain CPI must disclose whether it will assert a

---

[1] Title 35 of the United States Code, section 281 provides that a "patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C § 281.

"good faith reliance" defense; and 3) whether it is necessary for the court to convene a claims construction hearing.

For the reasons set forth hereinafter, the motion to dismiss (document no. 19) is GRANTED, and the motion to compel (document no. 41 and 42) is GRANTED in part, and DENIED in part.

## **FACTS**:

An examination of Whitmyer's counter-claim reveals the following allegations.

WhitServe owns the patents that are the subject of this litigation. Wesley Whitmyer does not own these patents, and has not alleged that CPI has infringed on them. Nevertheless, CPI filed its counter-claim against Whitmyer, seeking a declaratory judgment regarding the validity of the patents. Knowing that Whitmyer did not own the patents in question, CPI intentionally and maliciously filed its counter-claim against Whitmyer. CPI did so without probable cause, in order to harass Whitmyer, and cause unnecessary delay in the litigation between WhitServe and CPI.

## **STANDARD OF REVIEW**:

When ruling on a 12(b)(6) motion, the court must presume that all well-pled facts alleged in the pleading are true and draw all reasonable inferences from those facts in favor of the party asserting a cause of action. Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). The court may consider only those facts

"stated on the face of the [pleading], in documents appended [thereto] or incorporated . . . by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). In order to survive a motion to dismiss, a pleading must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**DISCUSSION:**

**I. Motion to Dismiss the Counter-Claim**

CPI moves to dismiss Whitmyer's counter-claim of malicious prosecution. Specifically, CPI argues that Whitmyer's cause of action must be dismissed because "Whitmyer has not alleged - and cannot allege - the essential element of a termination of the prior suit in his favor."

Whitmyer responds by arguing that the suit that forms the basis of a malicious prosecution cause of action need not be previously resolved in order to state a malicious prosecution cause of action. Specifically, Whitmyer contends that "under Connecticut law it is proper for the Court to exercise its discretion to simultaneously consider a malicious prosecution counterclaim and the alleged underlying claim in the interest of judicial economy."

In Connecticut, "a common-law claim for vexatious litigation . . . is a type of malicious prosecution action, differing

3

principally in that it is based upon a prior civil action, whereas a malicious prosecution suit ordinarily implies a prior criminal complaint." Falls Church Group, Ltd. v. Tyler, Cooper & Alcorn, LP, 281 Conn. 84, 93-94 (2007). "To establish either cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in . . . favor" of the party brining the cause of action. Falls Church Group, Ltd. v. Tyler, Cooper & Alcorn, LP, 281 Conn. 84, 93-94 (2007) (citing Calvo v. Bartolotta, 112 Conn. 396, 397 (1930); Schaefer v. O. K. Tool Co., 110 Conn. 528 (1930)).

The Supreme Court of Connecticut has specified in dicta that "a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was . . . terminated in the plaintiff's favor." Blake v. Levy, 191 Conn. 257, 263 (1983) (emphasis added). Nevertheless, this court has previously permitted a party to file a vexatious litigation counter-claim without such an allegation, and within the very action that formed the basis of that counter-claim. See Kale v. Hirsch, No. 3:94CV01811(AVC), at 9-12 (D. Conn. Jan. 9, 1998) (denying a motion for summary judgment as to a vexatious litigation claim, in an unpublished ruling). In doing so, the court relied an apparent lack of clarity as to the state of the law concerning the propriety of such a counter-claim. Id. at 10-11.

Since that ruling, however, the Supreme Court of Connecticut

4

has repeatedly and frequently reiterated that an essential element of this cause of action is the termination of the underlying suit in the favor of the party asserting the vexatious litigation claim. See, e.g., Falls Church Group, Ltd. v. Tyler, Cooper & Alcorn, LP, 281 Conn. 84, 93-94 (2007); Verspyck v. Franco, 274 Conn. 105, 113 n.7 (2005); Label Sys. Corp. v. Aghamohammadi, 270 Conn. 291, 301 (2004); QSP, Inc. v. Aetna Cas. & Sur. Co., 256 Conn. 343, 361 (2001). Moreover, at least twice, district courts applying Connecticut law have concluded that vexatious litigation counter-claims that do not allege successful termination of the underlying suit fail to state a cause of action. Kaltman-Glasel v. Dooley, 156 F. Supp. 2d 225, 227 (D. Conn. 2001); Equality, Inc. v. I-Link Communs. Inc., 76 F. Supp. 2d 227, 228-229 (D. Conn. 1999).

In light of the forgoing, the court is convinced that in Connecticut, a pleading fails to state a vexatious litigation cause of action if it does not allege that the pleading party prevailed in the underlying action that forms the basis of the claim. See Kaltman-Glasel, 156 F. Supp. 2d at 227; Equality, Inc., 76 F. Supp. 2d at 228-229; Blake v. Levy, 191 Conn. 257, 263 (1983). Because Whitmyer's counter-claim fails to make such an allegation, his pleading must be dismissed because it fails "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). As

such, pursuant to Rule 12(b)(6), the motion to dismiss (document no. 19) is GRANTED. Accordingly, Whitmyer's counter-claim is dismissed without prejudice to Whitmyer bringing a vexatious litigation cause of action against CPI, should he prevail in the present action.

**II. Motion to Compel**

WhitServe next moves for an order to compel CPI to disclose by July 6, 2007, whether it intends to assert a defense based on good faith reliance on the advice of counsel, in response to WhitServe's allegation that CPI willfully infringed on WhitServe's patents. If CPI intends to assert such a defense, WhitServe would further have the court order CPI to submit to discovery regarding the legal opinions upon which it relied. If CPI does not disclose its intentions regarding this possible defense before July 6, 2007, WhitServe requests that the court enter an order precluding it from asserting the defense in the future. WhitServe argues that it "is entitled to know whether or not CPI is asserting a good faith reliance on advice-of-counsel as a defense to [the] charge of willful infringement, and if so, is further entitled to full discovery of those attorney-client communications."

CPI responds by conceding that it "must, at some point decide whether . . . it will rely on the advice of counsel [defense] . . . [and] also agrees . . . that WhitServe should

have sufficient time to conduct related discovery."
Nevertheless, CPI argues that WhitServe's motion is premature, and moves for a "protective order to stay the date for deciding whether or not to assert the advice-of-counsel defense and the production of related attorney opinions, if any, until September 14, 2007, which is two weeks prior to the close of discovery." Further, CPI volunteers that if two weeks is insufficient to permit WhitServe to adequately conduct discovery regarding this defense, it would have no objection to protracting the period for discovery further.

"[A]n accused infringer faces a dilemma when there are allegations of willful infringement." Edward Lowe Indus., Inc. v. Oil-Dri Corp. Of America, No. 94 C 7568, 1995 WL 609231, at *3 (N.D.Ill. Oct. 13, 1995)(citing Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643 (Fed. Cir. 1991)). "If an accused infringer intends to assert a reliance on counsel defense at trial, the patentee is entitled to full disclosure in order to prepare its case." Edward Lowe Indus., Inc., 1995 WL 609231, at *3 (citing Keyes Fibre Co. v. Packaging Corp., 763 F.Supp. 374, 376 (N.D. Ill. 1991)). Such disclosure may include "the opinions upon which the potential infringer has chosen to rely, all other attorney communications on the same subject matter and all documents relied upon or considered by counsel at the time and in conjunction with rendering that opinion." Edward Lowe Indus.,

7

Inc., 1995 WL 609231, at *3 (citing FMT Corp. Inc. v. Nissei ASB Co., 24 U.S.P.Q.2d 1073, 1075 (N.D. Ga. 1992); Abbott Laboratories v. Baxter Travenol Laboratories, Inc., 676 F.Supp. 831, 832-33 (N.D. Ill. 1987)). However, "if the accused infringer asserts the attorney-client privilege, then it cannot introduce opinions or testimony of counsel at trial to show that it is not guilty of willful infringement." Edward Lowe Indus., Inc. v. Oil-Dri Corp. Of America, No. 94 C 7568, 1995 WL 609231, at *3 (N.D.Ill. Oct. 13, 1995) (citing Dorr-Oliver Inc. v. Fluid-Quip, Inc., 834 F.Supp. 1008, 1012 (N.D. Ill. 1993); Keyes Fibre Co. v. Packaging Corp., 763 F.Supp. 374, 376 (N.D. Ill. 1991)).

In the present case, the parties agree that CPI must disclose whether it will assert a good faith reliance defense, and further if it asserts this defense, that WhitServe is entitled to conduct pertinent discovery. Accordingly, the court need only decide when CPI must make its intentions known regarding this possible defense.

The motion to compel (document no. 41 and 42) is GRANTED in part, and DENIED in part. In accordance with the court's scheduling order, discovery in this matter will conclude on September 28, 2007. If CPI intends to assert a good faith reliance defense at trial, CPI shall file with the court, and serve upon WhitServe, a notice of said intent, on or before

August 31, 2007.  Before that date, WhitServe may serve requests for discovery regarding the good faith reliance defense, in accordance with the federal rules.  <u>See</u> Fed. R. Civ. P. 26-37.  In the event that CPI elects to assert this defense, responses to these requests for discovery shall be due pursuant to the federal rules, <u>see</u>, <u>e.g.</u> Fed. R. Civ. P. 33(b)(3), but no earlier than the date on which CPI serves said notice of intent.  Likewise, depositions regarding this defense will be taken in accordance with the federal rules, but not prior to CPI's service of said notice of intent.

**III.  Necessity of a Claims Construction Hearing**

Finally, the parties have sent to the court a series of letters debating the necessity of an order setting down a claim construction hearing, as contemplated by <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370 (1996).  The court first notes that pursuant to Federal Rule of Civil Procedure 7(b), "[a]n application to the court for an order shall be by motion," and that motion practice before this court is governed by local rule.  <u>See</u> D. Conn. L. Civ. R. 7.  As the parties' letters do not comport with local rule 7, the court declines to set down a claim construction hearing at this time.  Further, as it is clear from these letters that the parties have yet to conferred to determine what disputes, if any, there are regarding claim construction, setting down a hearing at this time would be premature.  In the

event, however, that the parties confer and are unable to resolve this issue without the court's intervention, the court will entertain a motion from any party setting forth a proposed claim construction briefing and hearing schedule.

## CONCLUSION

The motion to dismiss (document no. 19) is GRANTED, and the motion to compel (document no. 41 and 42) is GRANTED in part, and DENIED in part.

It is so ordered this <u>10th</u> day of July, 2007, at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello
United States District Judge