**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| WHITSERVE LLC, : | |
|   Plaintiff, : | |
| : | |
| v. : | Civil No. 3:06CV01935(AVC) |
| : | |
| COMPUTER PACKAGES, INC.; : | |
| et al., : | |
|   Defendants. : | |

### RULING ON THE DEFENDANT'S MOTION TO COMPEL AND MOTION TO EXTEND THE DISCOVERY PERIOD

This is an action for damages and injunctive relief. It is brought pursuant to 35 U.S.C. §§ 281 et seq.[1] The plaintiff, WhitServe LLC ("WhitServe") alleges that the defendants, Computer Packages, Inc. ("CPI"), unnamed CPI customers, and Praxair, Inc., have infringed on a number of WhitServe's patents.[2] CPI has filed a counter-claim against WhitServe and one Wesley Whitmyer, seeking a declaratory judgment regarding the validity of WhitServe's patents.

CPI now moves for an order to compel a third party, identified as "aabalone [red]" and formerly known as Wiggin Design, Inc. ("Wiggin"), to comply with a subpoena served on it by CPI, and to extend the discovery period in order to permit depositions of Wiggin and Wesley W. Whitmyer, Jr., "in light of documents produced by Plaintiff[s] . . . as discovery was

---

[1] Title 35 of the United States Code, section 281 provides that a "patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C § 281.

[2] Praxair, Inc. has since been dismissed from the case.

closing." CPI also moves for sanctions "by awarding the legal fees and costs incurred in making this motion."

For the reasons set forth hereinafter, the motion to compel (document no. 68) is GRANTED, and the motion to extend the discovery period (document no. 69) for this purpose is GRANTED.[3] CPI's request for sanctions is DENIED.

## **STANDARD OF REVIEW**

"[P]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Furthermore, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. In the Second Circuit, "this obviously broad rule is liberally construed." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). "The burden. . . falls upon the party resisting discovery, to clarify and explain its objections and to provide support therefor." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 43 (S.D.N.Y. 1984).

The court's scheduling order may be modified on a showing of good cause. Fed. R. Civ. P. 16(b). "The good cause standard

---

[3] Documents 68 and 69 are in fact the same single document, which requests both an order to compel and an extension of the discovery period. However, the document was docketed twice, as separate motions.

requires a particularized showing that the schedule cannot be met
. . . for reasons that were not reasonably foreseeable." D. Conn.
L. Civ. R. 16(b).  "[A] finding of 'good cause' depends on the
diligence of the moving party."  Parker v. Columbia Pictures
Industries, 204 F.3d 326, 340 (2d Cir. 2000).

## DISCUSSION

1.  Background

CPI's motions are based on what it characterizes as the
plaintiffs' "belated document productions" made in the final days
of the discovery period, some of which "may be relevant to proofs
of invalidity of the patents-in-suit, relating to the development
of a website for the St. Onge law firm ["St. Onge"][4] by a company
. . . formerly known as Wiggin Design, Inc."  Specifically, CPI
states that WhitServe produced Wiggin-related documents on
September 19, 26, and 27, 2007, just before discovery closed on
September 28, 2007.  As a result of this "belated" production of
documents, CPI "wanted to take discovery of Wiggin . . . [and so]
served a subpoena on Wiggin on September 28."  CPI also requested
a "short deposition of Mr. Whitmyer, to be conducted . . . on
September 28," regarding the documents.  CPI states that after
the close of discovery, Whitserve "informed CPi that Mr. Whitmyer
would not be produced," and that "Wiggin, represented by

---

[4] St. Onge, Steward, Johnston & Reens is the law firm at which Whitmyer practices.

Plaintiff's counsel, served its objections to CPi's subpoena
. . . accompanied by a letter from Plaintiff's counsel, which
indicated that Wiggin would not comply on the ground that the
subpoena was untimely, that is, because compliance could not be
completed until after the close of discovery."[5] Whitmyer, in
opposing CPI's motions, does not dispute this sequence of events,
although it does dispute whether the production of documents was
"belated."

2.  CPI's arguments

CPI argues that the within motions should be granted in
order "to remedy WhitServe's and Mr. Whitmyer's belated document
productions." Specifically, CPI argues that it seeks only "a
limited amount of additional discovery that was necessitated by
the last-minute production of documents . . . [that were]
responsive to requests made six months earlier, [and that]
contained information about a witness [Wiggin] and subject matter
that Whitserve and Mr. Whitmyer never listed in their Rule 26(a)
disclosures and never identified in response to CPi's
interrogatories." CPI further argues that it "could not
reasonably foresee that . . . long-requested documents [would be
produced] for the first time just days before the close of
discovery," and that it "might suffer" prejudice if the motions

---

[5] Although CPI served the subpoena on Wiggin on September 28, 2007, the final day of discovery, it commanded a representative's appearance and the production of Wiggin documents on October 12, two weeks after the close of discovery.

are denied.

Finally, CPI argues that it was not fully aware of the relationship between Wiggin and Whitmyer and St. Onge until after the "belated" production of documents. CPI argues that "[w]hile . . . some Wiggin documents had been produced earlier in the case, CPI had no way of knowing from those documents that Wiggin possessed any information regarding the conception and reduction to practice of the alleged Whitmyer inventions," or that Wiggin "may have had any substantive involvement in the case." CPI states that "Wiggin's involvement in the St. Onge website development efforts became much clearer on September 26 and 27, when WhitServe and Mr. Whitmyer produced the last two batches of documents." CPI therefore seeks discovery from Wiggin, pursuant to its subpoena, and a "short . . . one- to two-hour long deposition of Mr. Whitmyer regarding the belatedly-produced website development documents."

3. <u>WhitServe's arguments</u>

Whitserve argues[6] that CPI's motions should be denied because they "do not comply with the Court's Scheduling Order or the Federal Rules of Civil Procedure, CPI has had ample opportunity to conduct the discovery it now seeks, and CPI has not shown good cause as to why the Court should modify its

---

[6] The third party, Wiggin, and the defendant, WhitServe, jointly filed an opposition to CPI's motions.

5

Scheduling Order." Specifically, WhitServe argues that "Wiggin timely objected to CPI's subpoena because Wiggin could not comply with the requests set forth within the Court ordered period of discovery." Further, WhitServe argues that "[o]n April 23, 2007, . . . Mr. Whitmyer first produced documents identifying Wiggin, and its relationship with Mr. Whitmyer and [St. Onge]," that the April 23 production consisted of "all Wiggin documents in Whitmyer's . . . and [St. Onge's] possession and control," and that CPI "had over five months to seek discovery from Wiggin [before the close of discovery], yet failed to do so."[7] WhitServe argues that the motion to extend discovery "for the limited purpose of conducting a third deposition of Mr. Whitmyer [should also be denied] because CPI had an ample opportunity to depose Mr. Whitmyer regarding his relationship with Wiggin, and it did so during Mr. Whitmyer's September 20, 2007 deposition."

Finally, WhitServe argues that the additional Wiggin-related documents produced in September were produced as "a direct result of CPI's delay in answering WhitServe's interrogatory regarding the invalidity of the WhitServe patents, and therefore [was] not belated." Specifically, WhitServe argues that "[o]n February 2, 2007 WhitServe served an interrogatory to CPI regarding CPI's invalidity contentions," and that CPI "responded that it was

---

[7] To this, CPI replies that the "17 pages of [Wiggin-related] documents . . . produced on April 23, 2007, . . . were buried within 36,000 pages of Whitmyer documents and 4,000 pages of WhitServe documents produced that day."

6

premature to provide its invalidity contentions." WhitServe argues that it "finally . . . received CPI's invalidity contentions and the identity of allegedly invalidating prior art, albeit in the form of an expert report" on September 4, 2007. WhitServe argues that "Whitmyer requested evidence from a third party [Wiggin] to rebut" the invalidity claims and prior art, "received the requested documents from Wiggin in September and, after reviewing them, produced them to CPI on September 18." Further, WhitServe states that it produced additional documents, received from Wiggin on September 21, five days later, on September 26. Finally, WhitServe argues that the documents produced on September 27 were "not created by Wiggin, and not related to the development of the [St. Onge] website," and that "Whitmyer [first] created the documents in September 2007," so their production on September 27, 2007, was not "belated."

4. Discussion

The court concludes that CPI should be permitted to conduct the discovery of Wiggin that it requested by its subpoena of September 28, 2007. WhitServe does not contest the relevance of the desired discovery, and the sequence of events establishes that good cause exists for modifying the scheduling order to extend the discovery period. Specifically, both parties are partly responsible for the delays in this case that ultimately gave rise to the current discovery dispute.

7

WhitServe's failure to indicate in its Rule 26(a) disclosures that Wiggin was a person "likely to have discoverable information," or to indicate in its interrogatory responses that Wiggin had knowledge of the "conception, reduction to practice, or written description" of the patents-in-suit, is not cured by the production of Wiggin-related documents in April 2007. These April documents numbered only seventeen in what appears to have been a total production on that day of at least 36,000 documents. The documents indicate Wiggin's involvement in website development for St. Onge and Whitmyer, but do not clearly establish that Wiggin had discoverable information or knowledge of the conception and reduction to practice of the patents-in-suit. Further, the connection of several of these documents to Wiggin is not evident on their face. The motion to compel Wiggin to comply with the September 28, 2007, subpoena is therefore GRANTED. Wiggin shall comply with the subpoena on or before January 31, 2008.

The court also concludes that CPI should be permitted to conduct a short, third deposition of Whitmyer, as a result of the production of documents in September 2007. This deposition shall be limited in scope to the following:

a)  the Wiggin-related documents produced by WhitServe or Whitmyer in September 2007;

b)  the relationship of Wiggin to Whitmyer, WhitServe, and

8

St. Onge; and

c) the development of the St. Onge website and its relation to the patents-in-suit.

The deposition of Whitmyer shall be conducted on or before January 31, 2008.

The discovery period is ordered reopened and extended to and including January 31, 2008, for the limited purposes of conducting the discovery described above.

Finally, as noted above, the court concludes that both parties are partly responsible for the delays in this case that ultimately gave rise to the current discovery dispute. Therefore, CPI's request for sanctions is DENIED.

**CONCLUSION**

For the reasons stated herein, the motion to compel (document no. 68) is GRANTED, and the motion to extend the discovery period (document no. 69) is GRANTED, as described above. The request for sanctions is DENIED.

It is so ordered this 20th day of December, 2007, at Hartford, Connecticut.

                                              _____/s/_____
                                              Alfred V. Covello
                                              United States District Judge