**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| WhitServe LLC,<br><br>     Plaintiff and Counterclaim Defendant,<br><br>     v.<br><br>Computer Packages, Inc.<br>          Defendant and Counterclaim Plaintiff,<br><br>     and<br>Additional Jane Does and John Does<br><br>     Defendants,<br><br>     v.<br><br>Wesley W. Whitmyer, Jr.<br><br>     Counterclaim Defendant. | Case No.: 3:06-cv-01935 (AVC) |

**CPI'S MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO QUASH SUBPOENA FILED BY JOHN R. HORVACK, JR.**

I.     **INTRODUCTION**

Defendant Computer Packages, Inc. ("CPi") submits this brief in opposition to the September 23, 2008 Motion to Quash filed by John R. Horvack, Jr. (Docket No. 265). In his motion, Mr. Horvack requests that this Court quash CPi's September 9, 2008 subpoena served upon him, Horvack Ex. A, and grant sanctions against CPi. Mr. Horvack's motion to quash and request for sanctions should be denied for the following reasons.

On August 26, 2008, this Court issued an Order (Docket No. 261) allowing CPi to take limited discovery upon Computer Patent Annuities ("CPA") of documents related a 2006 WhitServe-CPA license agreement. CPi Ex. 1. The subpoena served on Mr. Horvack, CPA's

attorney, was issued in good faith pursuant to this Order. Indeed, CPi only seeks from Mr. Horvack two relevant and non-privileged letters that are in his possession and are related to the 2006 license agreement. The particulars of these letters are specified in the subpoena, which were the same two letters, WSL 8015-8016 and WSL 8154-8160, that WhitServe had improperly produced to CPi and which CPi was later ordered to return to WhitServe (which it has done). CPi Ex. 2 (Docket No. 262). To the extent there is any confidential information in those letters, it will be adequately protected by the Protective Order in this case and by the Court.

Neither Fed. R. Civ. P. 45 ("Rule 45") nor any decisions relied upon by Mr. Horvack bar the production of the two letters to CPi. Accordingly, Mr. Horvack's motion to quash should be denied.

## II. **ARGUMENT**

### A. **The Present Subpoena Is Within The Scope Of The August 26, 2008 Order**

Mr. Horvack first argues that the subpoena should be quashed because it is beyond the scope of this Court's August 26, 2008 Order, which permitted CPi to take limited discovery of CPA. Horvack Br. 8 – 9. Mr. Horvack fails to cite any law in support of his novel proposition that discovery of a principal does not include discovery of its agents. As CPA's attorney, CPi may seek any non-privileged CPA documents that he possesses:

> Indeed, documents held by an attorney in the United States on behalf of a foreign client, absent privilege, are as susceptible to subpoena as those stored in a warehouse within the district court's jurisdiction. Documents obtain no special protection because they are housed in a law firm; "any other rule would permit a person to prevent disclosure of any of his papers by the simple expedient of keeping them in the possession of his attorney."

*Ratliff v. Davis Polk and Wardell*, 354 F.3d 165, 170-71 (2d Cir. 2003)(quoting *Colton v. United States*, 306 F.2d 633, 639 (2d Cir. 1962)).

### B. Contrary To Mr. Horvack's Assertions, CPi Does Not Seek Any Privileged Documents Or Attorney Work Product

Mr. Horvack next argues that the subpoena should be quashed because it seeks privileged information or attorney work product. Horvack Br. 9 – 13. This is simply incorrect. As Mr. Horvack is aware, CPi is seeking only two non-privileged letters related to the 2006 WhitServe-CPA license agreement. Horvack Ex. A, Attachment A, Part 2 and CPi Ex. 3. As is clear from the subpoena itself, the two letters were freely exchanged between counsel for CPA and WhitServe – two opposing law firms – prior to the 2006 settlement of the *WhitServe v. CPA* litigation. Horvack Ex. A, Attachment A, Part 2. Accordingly, the letters cannot be privileged or work product, and are discoverable. Fed. R. Civ. P. 45(c)(3)(A)(iii).

This is confirmed by the fact that CPA never took this position before the district court in Virginia, in its recent motion to quash a similar subpoena by CPi served upon CPA on September 8, 2008. The district court in Virginia denied CPA's motion to quash. CPi Ex. 4. However, as discussed below, CPA has not yet produced the responsive documents.

### C. Because The Two Letters Being Sought Are Not Privileged Or Work Product, They Are Not Shielded From Discovery

Mr. Horvack also argues that he should not be compelled to produce the documents because they were sent to him by CPA for the purpose of obtaining legal advice, relying on *In re Sarrio, S.A.*, 119 F.3d 143 (2d Cir. 1997). Horvack Br. 14-18. Contrary to Mr. Horvack's assertion, *Sarrio* is not controlling law in the Second Circuit, because the § 1782 discovery issue in *Sarrio* was mooted on appeal and not reached by the court. *Ratliff v. Davis Polk and Wardell*, 354 F.3d at 169-170 and n. 3. But even if it were controlling law, *Sarrio* merely stands for the following proposition: "if the documents were unobtainable while in the hands of a client by reason of constitutional privilege or common law principle the same would be true when the

3

documents were delivered to the client's attorney for the purpose of formulating legal advice." *Id.* at 169. The two letters sought here from Mr. Horvack are not privileged and are not immune from discovery, even under *Sarrio*.

As stated by the Second Circuit, "insofar as the papers include pre-existing documents and financial records not prepared by the [clients] for the purpose of communicating with their lawyers in confidence, their contents have acquired no special protection from the simple fact of being turned over to an attorney." *Colton*, 306 F.2d at 639; *see also Fisher v. United States*, 425 U.S. 391, 403-404 (1976). This statement is directly applicable to the two pre-existing letters at issue here, which "have acquired no special protection from the simple fact of being turned over to" Mr. Horvack by CPA.

> D. **Mr. Horvack Has Failed To Raise Any Valid Objection Under Rule 45 To Bar Discovery Of The Requested Letters**

Mr. Horvack has not raised any valid objection under Rule 45 to producing the two letters. This is not surprising, because CPA did not raise any valid objection under Rule 45 in the recent Virginia proceeding regarding the same two letters.

As discussed in detail in the briefs underlying the Court's August 26, 2008 Order, the two letters contain highly relevant information pertaining to the damages issues in the subject litigation, and in particular, the effective royalty rate of the 2006 WhitServe-CPA license agreement. *See, e.g.,* Docket No. 220, page 5 (wherein the two letters at issue are referred to as the "Winter" and "Waldbaum" letters). Neither Mr. Horvack nor CPA have ever disputed the relevancy of the letters. The letters are identified by Bates numbers in the subpoena, comprise a total of nine pages, and are located in Mr. Horvack's exhibit binder that he used in the recent contempt proceeding before Magistrate Judge Smith. Clearly, it would not be any burden for Mr. Horvack to produce them to CPi. Fed. R. Civ. P. 45(c)(3)(a)(iv).

Moreover, the confidentiality of any CPA information contained in those letters can be adequately protected by this Court in view of the Protective Order in this case and CPi's repeated representations to CPA and Mr. Horvack that it (1) will treat the information as attorney's/expert's eyes only, (2) will not disclose the information to anyone at CPi, and (3) will ask this Court to take the appropriate measures to safeguard CPA's confidential information should the need arise to use the letters at trial. CPi Ex. 3. To date, neither CPA nor Mr. Horvack have suggested any reason why this information cannot be adequately safeguarded by this Court. Fed. R. Civ. P. 45(c)(3)(B)(i). In response to CPi's proposal, CPA merely stated, without further explanation: "Finally, we do not feel that your proposal to treat CPA's documents as attorneys' eye's only addresses our concerns." CPi Ex. 5.

Instead of trying to reach an agreement with CPi on this issue, Mr. Horvack falsely suggests that CPi business personnel have improperly accessed CPA's confidential information that is contained within the two letters. Horvack Br. 5. Mr. Horvack fails to inform the Court that he has been provided with affidavits from the three relevant CPi business personnel, all of whom have sworn under penalty of perjury that they have never discussed, seen, or used any CPA financial information. CPi Ex. 6.

In this regard, trying to tar CPi with the same brush as WhitServe, Mr. Horvack repeats at length the allegations that CPA made against CPi in the contempt proceedings against WhitServe (Horvack Br. 2-5). However, Magistrate Judge Smith dismissed those allegations due to the lack of any evidence that CPi in any way aided or abetted WhitServe's violation of the protective order. CPi Ex. 7 at 4-5. Mr. Horvack's motion fails to inform the Court of this fact also.

5

In summary, Mr. Horvack should be compelled to produce the two letters in unredacted form, as they are relevant and non-privileged, their production is not in any way burdensome, and any confidential information in those letters can be adequately protected by this Court.

### E. CPi Never Relinquished Its Rights to Seek Discovery Upon CPA, And CPA, If Not Mr. Horvack, Must Produce The Two Letters To CPi

Contrary to Mr. Horvack's claim, CPi did not serve the subpoena upon Mr. Horvack to end run the July 6, 2007 Order of the United States District Court of the Eastern District of Virginia (Horvack Ex. K), which Mr. Horvack's mischaracterizes as a waiver in the Virginia court of "any right [CPi] may have had to seek documents concerning the WhitServe litigation from CPA." Horvack Br. 17. That argument by CPA has been rejected by the district court in Virginia. CPi Ex. 4, ¶ 2, 3.

In particular, on September 8, 2008, CPi issued a subpoena upon CPA out of the Virginia court seeking the same two letters being sought by the Horvack subpoena. CPA then moved to quash that subpoena, advancing the same "waiver" arguments now being asserted by Mr. Horvack. On October 10, 2008, the Virginia court denied CPA's motion to quash, holding that this Court's August 26, 2008 Order, *supra*, superseded the Virginia court's July 6, 2007 Order. CPi Ex. 4, ¶3. CPA has so far refused to produce the two letters to CPi. Instead, as CPA recently informed CPi, CPA will be objecting to the ruling of the Virginia court.

If CPA complies with the Virginia subpoena, CPi will drop its subpoena of Mr. Horvack. Otherwise, if CPA continues to resist the subpoena in Virginia, CPi will continue to pursue this discovery in Connecticut in parallel, as it is permitted to do under the August 26, 2008 Order of this Court and the law of the Second Circuit.

III. **CONCLUSION**

  For the foregoing reasons, CPi respectfully requests that Mr. Horvack's motion to quash be denied, and that Mr. Horvack be compelled to produce the two letters identified in the subpoena in unredacted form.

            Respectfully submitted,

October 17, 2008      /s/Douglas Sharrott

            John A. Krause (phv01713)
            Douglas Sharrott (phv01714)
            Marc J. Pensabene (phv 01927)
            Fitzpatrick, Cella, Harper & Scinto
            30 Rockefeller Plaza
            New York, New York  10112-3801
            Telephone: (212) 218-2100
            Facsimile: (212) 218-2200
            jkrause@fchs.com
            dsharrott@fchs.com
            mpensabene@fchs.com

            Alfred U. Pavlis (ct08603)
            Daly & Pavlis, LLC
            107 John Street
            Southport, Connecticut  06890
            Telephone: (203) 255-6700
            Facsimile: (203) 255-1953
            apavlis@dalypavlis.com

            Attorneys for Defendant Computer
            Packages, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2008, a copy of the foregoing CPI'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO QUASH SUBPOENA FILED BY JOHN R. HORVACK, JR. was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Fatima Lahnin, ct24096
CARMODY & TORRENCE, LLP
195 Church Street
New Haven, CT 06509
Telephone: (203) 777-5501
Fax: (203) 784-3199
Email: flahnin@carmodylaw.com

Gene S. Winter, ct05137
ST.ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, Connecticut 06905
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: gwinter@ssjr.com

Fritz L. Schweitzer, III, ct26689
Schweitzer Cornman Gross & Bondell LLP
292 Madison Avenue, 19th Floor
New York, New York 10017
Telephone: (646) 424-0770
Facsimile: (646) 424-0880
Email: fls3rd@scgb-law.com

Wesley W. Whitmyer, Jr., ct03509
986 Bedford Street
Stamford, Connecticut 06905-5619
Email: lit@ssjr.com

October 17, 2008                    /s/ Douglas Sharrott