**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| Whitserve LLC, | ) |
| | ) |
|     Plaintiff and Counterclaim Defendant, | ) |
| | ) Case No.:  3:06-cv-01935 (AVC) |
|     v. | ) |
| | ) |
| Computer Packages, Inc. | ) |
| | ) |
|     Defendant and Counterclaim Plaintiff, | ) |
| | ) |
|     and | ) |
| | ) |
| Additional Jane Does and John Does | ) |
| | ) |
|     Defendants, | ) |
| | ) |
|     v. | ) |
| | ) |
| Wesley W. Whitmyer, Jr. | ) |
| | ) |
|     Counterclaim Defendant. | ) |
| | ) |

**CPI'S REPLY TO WHITSERVE'S OPPOSITION**
**TO CPI'S MOTION FOR INJUNCTIVE RELIEF**

Defendant Computer Packages, Inc. ("CPi") hereby reply to plaintiff

WhitServe LLC's ("WhitServe") opposition to CPi's motion for injunctive relief.  (D.I.

388, 404).

**INTRODUCTION**

WhitServe, unsatisfied with the limits which this Court appropriately

imposed on its claims, has sought another court's aid in seeking to improperly, further

enhance an award of damages which was already improperly enhanced $5 million dollars

by a slight of hand during closing arguments.  First, by filing the Maryland action against

CPi's customers, and now, in its opposition to CPi's request for relief, WhitServe has

repeatedly demonstrated a disregard for this Court's orders.  Such conduct cannot be

condoned.

The well-settled doctrines of *res judicata* and *collateral estoppel* prevent

plaintiffs from improperly re-litigating the same issues as part of a quest for the most

favorable result.  WhitServe has already had its day in court, before a jury, with respect to

its allegations of infringement stemming from CPi's systems.  Any further attempt to

monetize those very same acts are therefore improper.

In addition to its disregard for this Court's authority, WhitServe has

repeatedly engaged in what amounts to nothing more than guerilla warfare, choosing to

publicly disparage CPi at every turn.  These unsupported allegations, many of which

plainly misrepresent the facts, border on libel.  WhitServe's course of conduct continues

to irreparably damage the goodwill which CPi has cultivated for more than 50 years in

the patent and trademark annuity payment services market.

Accordingly, CPi respectfully requests that the Court enjoin WhitServe's

improper Maryland action and any other future claims of a similar nature.

## ARGUMENT

## I.     WhitServe Is Not Entitled To Sue CPi's Customers

WhitServe attempt to justify its lawsuit against CPi's customers as

anything other than an improper end-run around the Court's May 19, 2010 Order

precluding recovery based on CPi's customers' revenues is simply inadequate.  (D.I.

348).  There is no ambiguity in the May 19, 2010 decision, which roundly rejected

WhitServe's pursuit of royalty damages paid by CPi's customers, holding "having now

heard evidence relating to the fees charged by those in the industry, the court concludes

that the very specific evidence of CPi's revenues is sufficient to determine fair, just, and reasonable compensation." (*Id*.)  In spite of the Court's Order, a mere eight days later, barely 48 hours after the jury returned its verdict, WhitServe notified CPi of its intent to pursue additional damages via separate litigation against CPi's customers.  (D.I. 388, Opening Brief at 2, Exh C).

The authority upon which WhitServe relies is inapposite.  Each case upon which WhitServe relies in its opposition is easily distinguished on the facts.  In fact, some of the authority upon which WhitServe relies, supports CPi's contention that double recovery from the same infringing transaction is improper.  *Saf-Gard Products, Inc. v. Service Parts, Inc.*, 491 F. Supp. 996, 1013 (D.Ariz. 1980).  Many others relate to specific factual situations (*e.g.*, breach of a patent license, actions seeking a declaratory judgment) which are inapplicable here, given the facts of the present case.

Tellingly, WhitServe ignores CPi's argument that WhitServe's attempt to obtain a second, additional recovery in the Maryland action based on the identical CPi-customer annuity payment transactions that were at issue and fully compensated for in the Connecticut action is improper, as it clearly runs afoul of both *res judicata* and the full compensation rule (*i.e.*, a patent owner cannot recover twice for the same act of infringement), and thus is without legal basis.  (D.I. 388, Opening Br. at 5).

II.     **If Appropriate, WhitServe Will Be Compensated For Both
        Past And Ongoing Infringement In Connecticut, Not Maryland**

WhitServe's argument that its Maryland suit is justified by a lack of compensation for ongoing infringement also lacks merit.  (D.I. 404, Opposition at 4-5). WhitServe has moved this Court for a permanent injunction, as a remedy for future infringement.  (D.I. 372).  That motion has been fully briefed and is ripe for adjudication.

Additionally, during the course of post-trial briefing, WhitServe has repeatedly suggested

that it intends to seek a running royalty as compensation for future infringement, in the

event a permanent injunction is not ordered.  Either of these remedies -- from this Court,

not a Maryland court -- would moot WhitServe's argument that the customer suit is

necessary to compensate for a harm which would otherwise go without redress.

Further, WhitServe's contention that the customer suit addresses issues of

infringement and damages that were not at issue in the jury trial and verdict in this case is

simply untrue.  (D.I. 404, Opposition at 4-5).  The allegations of infringement in the

customer suit recite the very same activities and transactions that were (or are currently)

at issue in this case.

WhitServe's argument that it is entitled to seek complete compensation for

past damages similarly fails.  (D.I. 404, Opposition at 5-7).  As discussed *supra*,

WhitServe has already been <u>completely</u> compensated for any past infringement.  The

Order precluding WhitServe from seeking damages based on the revenue of CPi's

customers is very clear that "CPi's revenues is sufficient to determine fair, just, and

reasonable compensation."  (D.I. 348).  WhitServe's pursuit of past damages occurred

before a jury, before this Court, in this very action.  Accordingly, any further pursuit of

damages arising from those same allegedly infringing activities is without legal basis.

(D.I. 388, Opening Br. at 5).

### III.    CPi Has Satisfied The eBay Factors

WhitServe's assertion that CPi has, somehow, failed to satisfy its burden

with respect to the factors governing injunctive relief as set forth in *eBay Inc. v.*

*MercExchange, L.L.C.*, 547 U.S. 388 (2006) is inaccurate.  (D.I. 404, Opposition at 7-8).

eBay requires four factors: (1) irreparable injury; (2) remedies at law are inadequate; (3)

the balance of hardships warrant injunctive relief; and (4) an injunction would not disserve the public interest.  *eBay*, 547 U.S. at 391.

CPi has demonstrated the real, irreparable harm, which WhitServe's actions have caused CPi, namely, straining its relationships with longstanding and new customers alike.  (*See* D.I. 388, Opening Brief at 4-6, Exh. B; D.I. 390, Exh. B).  Further, there is no remedy at law which can adequately compensate for the loss of goodwill with customers.  Monetary damages would be speculative, at best -- the sole way to cease the harm is to enjoin WhitServe from its pursuit of further attempts to improperly inflate its recovery from the alleged infringement which has already been adjudicated in the present action.

The balance of hardships tip decidedly in CPi's favor.  WhitServe has had its day in court, they have already recovered far more than they were entitled to at trial.  An injunction would merely serve to limit WhitServe's compensation to that which it is entitled.  However, the lack of an injunction will undisputedly result in very real, grave harm to CPi.  The continuance of WhitServe's existing suit against CPi's customers continues to harm CPi's relationship with both those customers as well as other existing and potential customers alike.

Finally, the entry of an injunction would not disserve the public interest.  This is a private dispute between a patent attorney, attempting to monetize his patent and a firm which does business in the patent and trademark annuity payment market.  There is no over-reaching public interest which would be affected in any way by an Order granting injunctive relief in connection with this, private, dispute.

Accordingly, CPi has satisfied the eBay factors and therefore is eligible for injunctive relief.

## **CONCLUSION**

In sum, WhitServe's Maryland suit amounts to nothing more than thinly veiled attempt to circumvent this Court's Order, precluding WhitServe from recovering damages based on CPi's customer's revenues, in another, potentially more favorable venue.  It smacks of impropriety that WhitServe, in the face of an Order, which unequivocally precluded the very same theory of recovery, continues to pursue its Maryland suit.

Accordingly, CPi respectfully requests that the Court enjoin WhitServe's improper Maryland action and any other future claims of a similar nature.


Respectfully submitted,

Dated: August 9, 2010                    By:  /s/ Robert J. Czarnecki, Jr.
                                             John A. Krause (phv01713)
                                             Douglas Sharrott (phv01714)
                                             Marc J. Pensabene (phv01927)
                                             Jessica Hiney (phv02482)
                                             Robert J. Czarnecki, Jr. (phv03925)
                                             Fitzpatrick, Cella, Harper & Scinto
                                             1290 Avenue of the Americas
                                             New York, New York  10104-3800
                                             Tel: 212-218-2100
                                             Fax: 212-218-2200
                                             Email: jkrause@fchs.com
                                             Email: dsharrott@fchs.com
                                             Email: mpensabene@fchs.com
                                             Email: jhiney@fchs.com
                                             Email: rczarnecki@fchs.com

Alfred U. Pavlis (ct08603)
Finn Dixon & Herling LLP
177 Broad Street
Stamford, Connecticut  06901
Tel: 203-325-5000
Fax: 203-325-5001
Email: apavlis@fdh.com

*Attorneys for Defendant*
*Computer Packages, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

        The undersigned certifies that on August 9, 2010 a true and correct copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Robert J. Czarnecki, Jr.

Robert J. Czarnecki, Jr. (phv03925)
Fitzpatrick, Cella, Harper & Scinto
1290 Avenue of the Americas
New York, New York  10104-3800
Tel: 212-218-2100
Fax: 212-218-2200
Email: rczarnecki@fchs.com