3:06-cv-01935 (AVC) January 24, 2013. The plaintiff's motion to compel damages related discovery is GRANTED.

The plaintiff has filed a motion seeking to compel the defendant to produce financial information from each quarter of 2010, 2011, 2012 and requests that the disclosures continue on a quarterly basis until a new trial is held. Specifically, the plaintiff seeks an order requiring the defendant to produce: (1) balance sheets, income and total annuity payments; (2) the number of patent taxes paid by [the defendant] or its agents on behalf of clients that use the infringing products; and (3) licensing, maintenance and annual fees for the infringing products. In sum, the plaintiff is seeking an updated version of the financial disclosure the defendant provided to the plaintiff at trial.

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Furthermore, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "The definition of relevance [is] to be liberally construed . . . ." Breon v. Coca-Cola Bottling Co., 232 F.R.D. 49, 52 (D. Conn. 2005). Moreover, the district court has "wide latitude to determine the scope of discovery . . . ." In Re Agent Orange Product Liability Litigation, 517 F.3d 76, 103 (2d Cir. 2008). "The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive . . . ." Klein v. AIG Trading Group Inc., 228 F.R.D. 418, 422 (D. Conn. 2005) (internal citations and quotation marks omitted).

The court concludes that the defendant has failed to show how the plaintiff's request is overly broad, unduly burdensome or oppressive. This case was remanded for a new trial on damages, and the plaintiff is entitled to discovery in order to accurately calculate those damages. If the defendant concludes that the material is inadmissible at trial, it may move to exclude the evidence at the appropriate time. Accordingly, the motion to compel is GRANTED, and discovery with respect to this limited issue is re-opened. The defendant shall provide the plaintiff with the requested documents on or before February 17, 2013.

SO ORDERED.

                                                      /s/
                                    Alfred V. Covello, U.S.D.J.