3:06-cv-01935 (AVC) August 26, 2013. The defendant's motion to compel damages related discovery is GRANTED.

The defendant has filed a motion to compel the plaintiff's production of certain documents related to the computation of damages in this case. Specifically, the defendant seeks an order requiring the plaintiff to produce: (1) Each and every license that NetDocket LLC and/or WhitServe LLC has granted, plus all correspondence relating to the same, as well as all documents, including license drafts, e-mails, letters between and/or among counsel, and the like, concerning any negotiation or offer of a license by or to NetDocket LLC and/or WhitServe LLC.; (2) every damages expert report served by or on WhitServe LLC involving any of the patents-in-suit, including all appendices and/or attachments thereto; and (3) every deposition transcript and accompanying exhibits in any lawsuit naming NetDocket LLC and/or WhitServe LLC as a party (other than this one), of damages experts retained by or on behalf of NetDocket LLC and/or WhitServe LLC.

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "The definition of relevance [is] to be liberally construed . . . ." Breon v. Coca-Cola Bottling Co., 232 F.R.D. 49, 52 (D. Conn. 2005). Moreover, the district court has "wide latitude to determine the scope of discovery . . . ." In Re Agent Orange Product Liability Litigation, 517 F.3d 76, 103 (2d Cir. 2008). "The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive . . . ." Klein v. AIG Trading Group Inc., 228 F.R.D. 418, 422 (D. Conn. 2005) (internal citations and quotation marks omitted).

The plaintiff has failed to show how the defendant's request is overly broad, unduly burdensome or oppressive. This case was remanded for a new trial on damages, and the defendant is entitled to discovery to accurately calculate those damages. Accordingly, the motion to compel damages related discover is GRANTED. If appropriate, documents that are subject to confidentiality agreements with third parties shall be produced with an "outside attorneys'/experts' eyes only" restriction. The plaintiff shall provide the defendant with the requested documents on or before September 6, 2013.

SO ORDERED.

                                                       /s/
                                     Alfred V. Covello, U.S.D.J.