**EXHIBIT L TO JOINT TRIAL MEMORANDUM**

**WHITSERVE'S REQUESTS FOR JURY INSTRUCTIONS:**

**Preliminary Jury Instructions**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for your guidance on the nature of the case and on your role as jurors.

**I.      The Nature of the Action and the Parties**

This is a patent case between WhitServe LLC ("WhitServe") and Computer Packages, Inc. ("CPi"). WhitServe is the owner of four patents, which are identified as follows:

U.S. Patent Number: 5,895,468 (which may be called "the '468 patent"), entitled "System for Automating Delivery of Professional Services";

U.S. Patent Number: 6,049,801 (which may be called "the '801 patent"), entitled "Web Site Providing Professional Services";

U.S. Patent Number: 6,182,078 (which may be called "the '078 patent"), entitled "System for Delivering Professional Services Over the Internet"; and

U.S. Patent Number: 6,981,007 (which may be called "the '007 patent"), entitled "Onsite Backup for Internet-Based Data Processing."

The '468, '801, '078, and '007 patents may also collectively be referred to as the "WhitServe patents."

WhitServe's '468, '801, and '078 patents relate to computer systems for providing professional services over the Internet. WhitServe's '007 patent relates to a data backup system

1

for Internet-based data processing.  During the trial, the parties may offer testimony to familiarize you with this technology.

In May of 2010 a jury trial was held concerning WhitServe's allegations of infringement of the WhitServe patents.  WhitServe prevailed on all issues of infringement liability at trial, with the jury finding CPi failed to prove any claims invalid and that CPi's systems infringed the WhitServe Patents.  A copy of a portion of the jury verdict will be placed in evidence.

Specifically, the jury found CPi liable for infringing the following claims of WhitServe's patents by making, using, offering for sale, and selling certain products:

> Claims 1-8 and 24-27 of the '468 patent, claims 1-2, 4-5, and 9-10 of the '078 patent, and claim 10 of the '007 patent were found infringed by CPi's Electronic Annuity Reminder System (which may be called "Desktop EARS"),

> Claims 1-8 and 24-27 of the '468 patent, claims 1-2, 4-5, and 9-10 of the '078 patent, and claim 10 of the '007 patent were found infringed by CPi's Trademark Electronic Reminder Management System (which may be called "TERMS"),

> Claims 1-4 and 24-27 of the '468 patent, claims 1, 9, and 11 of the '078 patent, and claims 1-3 and 5 of the '801 patent were found infringed by CPi Online (which is referred to simply as "CPi Online"),

> Claims 1-12, 17, and 24-27 of the '468 patent, claims 1, 4, and 6-11 of the '078 patent, and claims 1-3 and 7-15 of the '007 patent were found infringed by CPi's Hosted Ears Web-based Version (which is referred to as "Hosted EARS'), and

> Claims 1-3 and 7-15 of the '007 patent were found infringed by CPi's PMS Read-Write Hosted System (which is referred to as "Hosted PMS').

Both WhitServe and CPi appealed certain issues, and in August of 2012 the Federal Circuit Court of Appeals invalidated claim 10 of the '007 patent and affirmed the jury verdict in favor of WhitServe with regard to the remaining claims.  The Court of Appeals ordered a trial on damages.

Accordingly, liability for CPi's infringement has already been determined and at issue here are the damages WhitServe seeks due to that infringement.  I will give you more detailed instructions on the calculation of damages at the conclusion of the case.  For your convenience, the parties have also prepared a Glossary of some terms to which they may refer during the trial, which will be distributed to you.

## II.     General Instructions (taken from 2010 trial)

It's going to be your duty now from the evidence to determine just what the facts are. You and you alone now are going to be the judges of the facts. Having determined what the facts are, you will then apply the law as I will give it to you at the end of the case, and determine the matter.

Now, in any civil action such as this one, the party bringing the action assumes the burden of proof with respect to any fact or issue. When a party in a civil action has the burden of proof, that fact or issue must be proven, if at all, by what we call a fair preponderance of the evidence.

A preponderance of the evidence simply means the better evidence, the evidence having the greater weight, the more convincing force in your mind. The better evidence is evidence which in your sound judgment is the more credible, the more reasonable.

Now, if it happens that the evidence as to any fact or issue is in balance so that you cannot say that it inclines one way or another, there would be no fair preponderance of the

evidence as to that fact or issue, and you would find it not to have been proven. If, however, the evidence simply inclines in favor of the fact or issue to be proven, then you would find that such a proposition had been found.

    Now, it's going to be your duty to find the facts here having considered all of the evidence in the case. The evidence from which you are to determine what the facts are consists of the following. The evidence is going to be the sworn testimony of witnesses on the stand here, on both direct and cross-examination, two, the exhibits which are going to be received into evidence, and third, and finally, any facts to which the attorneys have agreed or stipulated. If it's not one of those three things, it's not evidence, and you're not to consider it.

    Now, certain things are not evidence and should not be considered by you. Questions by attorneys are not evidence. Only the answers to questions are evidence. If no question has been asked, you must disregard what the witness is saying.  Occasionally in the heat of controversy here you will find that things evolve into a conversation. If you're hearing a conversation, you should just shut your mind out, and I will try to intercede. Only the answers to a question constitute evidence.

    Now, there are two kinds of evidence, direct and circumstantial. Direct evidence is direct proof of a fact such as testimony by a witness as to what the witness saw, what the witness heard, what the witness did. Circumstantial evidence, on the other hand, is proof of one or more facts from which you could infer the existence of another fact, even though there was no direct proof as to that fact.

    For instance, as we sit here this morning in this very nice courtroom, sadly there are no windows here, so you can't see outside. If people should start coming through that door now shaking out raincoats and shaking out umbrellas, you could infer from that direct evidence, i.e.,

from the wet raincoats and the wet umbrellas, that it was presently raining outside, even though you were unable to directly observe that fact. You may regard circumstantial evidence as having the same value and the same importance as direct evidence.

Now, at the conclusion of the trial I'm going to fully instruct you on the law that will be applied and those instructions will control your deliberations and eventual decision, but in order to help you follow the evidence here I'd like to give you just a brief summary of what's involved here.

This is a patent infringement case. A valid United States patent gives its owner the right to exclude others from making, using, offering to sell or selling the patented invention or product made by the patented process. Someone is said to be infringing on the claims of a patent when they, without permission from the patent owner, import, make, use, offer to sell or sell the patented invention or perform the patent method as defined by the claims within the United States before the term of the patent expires.

A patent owner who believes someone is infringing on the exclusive rights of the patent may bring a lawsuit to stop the alleged infringing acts and recover damages. The patent owner must prove by, again, a preponderance of the evidence infringement of the claims of the patent, and the damages resulting therefrom.

Now, let's just talk for a minute about your conduct as jurors. First, during the trial you're not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate, you're simply not to talk about the case.

Now, that may sound perfectly straightforward, but one of the things that you have to remember is that you shouldn't talk about it among yourselves unless you're all there. In other words, if two of you are having lunch together, and so forth, and decide to start talking about the

case, this would not be appropriate. It's better not to discuss it at all, but if you do decide to talk about the case, make sure that you're all there.

Second, do not read or listen to anything touching on the case in any way. Again, if anyone should try to talk to you about it, bring that to my attention promptly.

Now, third, and this you must resist, do not try to research or make any investigation about the case on your own. Now, as you know, in this day and age with computers you can easily look up information about things on the Internet. You simply cannot do that with respect to anything involving this case. It is very important that you determine the issues here solely on the evidence that is presented within the four walls of this courtroom.

Finally, don't form any opinion here until all of the evidence is in. Until you've heard the legal charge and the colleagues' closing arguments, keep an open mind here.

Now, it's very important to all of us here in the courtroom that you achieve as high a level of understanding as possible with respect to what has occurred here. To that end you've been furnished notebooks for you to use, if you care to. There's no requirement that you use the notebook. The thing I want you to remember, however, is that when you retire to deliberate, if one of your colleagues claims that a certain fact is so because he or she has written it down in their notebook, remember in all events it's your recollection that must control, because your colleague may simply not have taken accurate notes with respect to that issue.

To the further end of heightening your understanding, if you have a question, we want to try and get you an answer to it, if we can. If you just jot it down on a page from your notebook and just hold it up, Ms. Alexander will retrieve it from you, and we'll try and get you an answer to the question.

Now, don't be offended if there's no answer forthcoming. We simply may not know the answer to your question, or, although unlikely, there may be some legal reason why it wouldn't be appropriate for you to know the answer to that question. But we'll do our best if you have a question to get you an answer.

Now, finally, at the end of the day's session please remember to leave your notebooks here in the courtroom. And with respect to those very large volumes that are at your feet, keep those in the courtroom at all times.

Now we're going to begin. First WhitServe will present its witnesses, CPi may cross-examine them, then when WhitServe is finished with its case CPi will present its witnesses, and WhitServe in turn may cross-examine them. After the evidentiary portion of the trial is complete, the parties will summarize to you what they believe has been proven here in what we call closing arguments. And finally after that I will give you instructions concerning your deliberations.

### III.    Glossary of Terms

**Patent** –An exclusive right granted by the U.S. Patent and Trademark Office to an inventor to prevent others from importing, making, using, offering to sell, or selling the invention, or performing the inventive method, for a term of 20 years from the date the patent application was filed (or 17 years from the date the patent issued).

**Claims** – The numbered sentences or paragraphs appearing at the end of the patent that define the invention.  The words of the claims define the scope of the patent owner's exclusive rights during the life of the patent.

**Infringement** – Violation of a patent occurring when someone makes, uses, or sells a patented invention, without permission of the patent holder, within the United States during the term of the patent.

**Royalty** – A payment made to the owner of a patent by a non-owner in exchange for rights to make, use, or sell the claimed invention.

**License** – Permission to use the patented invention(s), which may be granted by a patent owner in exchange for a "royalty" or other compensation.

**Patent maintenance fee** (also called patent renewal fee or patent annuity) – The fee paid to a government department to maintain a patent in force.

**Service fee** – The fee charged to a patent owner to make a patent maintenance fee on the patent owner's behalf.

**Post Trial Jury Instructions (taken from 2010 trial)**

Ladies and gentlemen of the jury we have reached a point in the trial where it becomes necessary for me to state to you what the rules of law are which are to govern you in the determination of the issues in this case.

The law requires me to state this to you in open court, but it's written down, and when I'm finished delivering it to you, I'm going to hand it to you to take into the jury room.

It's been obvious to me that you have faithfully discharged your duty to listen attentively and observe carefully each witness who testified and to weigh carefully the things that they have said to you. The parties and I deeply appreciate the conscientious manner in which you have thus far discharged your duties. I have great confidence in you and in the fact that you will determine the issues in this case in a fair, just and legally correct manner.

Now, in the trial of the case you as the jury and I as the Court have separate functions. It's my duty to instruct you on the law which applies to the facts as you may find them. Insofar as I do state the law to you, what I say is binding upon you. If it differs from what you understood the law to be or what you think it ought to be, you should dismiss such notions from your mind.

Now, this is not because I have some extraordinary or superior knowledge of the law, but simply, and as you notice, the court reporter is dutifully taking down every word that I'm saying, so that if I make an error, there's a separate and distinct way of dealing with that.

If, however, you should decide this case based upon some notion of the law that you might hypothesize in the jury room, there's no way that anyone would ever know that you had applied an erroneous legal proposition to the facts as you may find them.

Now, for the same reason if the attorneys or any witnesses in the case have referred to any proposition of law, you're to consider such reference only to the extent that it coincides with the rules as I'm going to give them to you in a couple minutes.

Now, to the extent that any previous instructions that I have given you differ from what I'm saying now, I hope that's not the case, but if they do differ, it's what I'm saying today that is going to govern your deliberations.

Now, as we discussed at the outset, in a civil action such as this one, the party bringing the action assumes the burden of proof with respect to any fact or issue. Now, when a party has that burden, that fact or issue must be proven, if at all, by what we call a fair preponderance of the evidence.

A preponderance of the evidence simply means the better evidence, the evidence having the greater weight, the more convincing force in your minds. The better evidence is the evidence which in your sound judgment is the more credible, the more reasonable.

If it happens that the evidence as to any fact or issue is in balance so that you cannot say that it inclines one way or the other, then there would be no fair preponderance of the evidence as to that fact or issue, and you would find it not to have been proven. If, however, the evidence simply inclines in favor of whatever, then you would find that such a proposition has been proven, again, by this proposition of fair preponderance of the evidence.

Now, it's your duty to find the facts here having considered all of the evidence in the case. The evidence from which you're to determine just what the facts are consists of the following: the sworn testimony of the witnesses on both direct and cross-examination; two, the exhibits that have been now received into evidence. And then three, any facts to which the attorneys have agreed or have stipulated.

Now, certain things are not evidence and should not be considered by you in determining the facts. Questions, as we mentioned the other day, by the attorneys are not evidence. Only the answers to questions are evidence. And if there was a conversation going on or no question was asked, you would disregard that.

Statements by counsel, the closing arguments, none of that is evidence, and you may consider it only to the extent that it coincides with your recollection of what the evidence was.

There are two types of evidence, direct and circumstantial. Direct evidence is direct proof of a fact such as testimony by a witness as to what the witness saw, heard or did. Circumstantial evidence, on the other hand, is proof of one or more facts from which you could infer the existence of another fact, even though there was no direct proof of that fact.

And the other day we discussed how this nice courtroom has no windows, so that if people should start coming through the door there shaking out wet umbrellas and wet raincoats, you could infer from this circumstantial evidence, i.e., the wet raincoats and the wet umbrellas, that it was presently storming outside, even though you were unable to directly observe that fact.

And with respect to direct evidence and circumstantial evidence, they're entitled to the same weight. And remember that with respect to all of this evidence, it's up to you as to how much weight you care to assign to it.

We haven't discussed the credibility of witnesses and the weight that's going to be given their testimony. These matters are particularly and solely within your province. No fact is, of course, to be determined simply by the number of witnesses testifying for or against it. It's the quality, not the quantity, of testimony that controls.

In weighing the testimony of a witness you should consider his or her appearance on the stand. You should try to size her or him up. You should have in mind all the little circumstances

which point to truthfulness or untruthfulness. You should consider any possible bias or prejudice the witness may have, whether for or against either party, their interest or lack of interest of whatever sort in the outcome of the trial, their ability to observe facts correctly and to remember and relate them truthfully and accurately. It's highly unlikely that someone would come into the courtroom and deliberately lie, and it's really this that determines their ability to observe facts correctly and to remember them truthfully and accurately. You should test the evidence a person gives by your own knowledge of human nature and the motives which influence and control human action. If any facts are admitted or otherwise proven to you, you may well bring those facts into relation with a person's testimony and see if they fit together with it. In short, you're to bring to bear upon your assessment of a witness's testimony the same considerations and use the same sound judgments you apply to the questions of truth and veracity which daily present themselves in the ordinary affairs of life.

Now, during the trial you heard the testimony of so-called expert witnesses. A person's training and experience may make him an expert in a particular field. Merely because an expert witness has expressed an opinion, that does not mean, however, that you must accept the opinion. The same as with any other witness, it is up to you to decide whether you believe his testimony and choose to rely on it. In reaching your own conclusions, you should consider the expert opinion in the light of all the other evidence which has been offered to you.

Now let's talk a little bit about the law that's involved here. In this case WhitServe, the plaintiff, has obtained a verdict that CPi, the defendant, is infringing four of WhitServe's patents.

Three of WhitServe's patents relate to computer systems for providing professional services over the Internet. The fourth relates to a data backup system for Internet-based data processing.

Someone is said to be infringing on claims of a patent when they, without permission from the patent owner, import, make, use, offer to sell or sell the patented invention or perform the patent method as defined by its claims within the United States. Here, CPi's Desktop EARS, TERMS, CPi Online, Hosted EARS, and Hosted PMS products were found to infringe the asserted WhitServe patent claims.

Now, you must determine the amount of damages to be awarded WhitServe for the infringement. WhitServe, again, must prove damages by a preponderance of the evidence. The amount of damages that CPi must pay WhitServe must be adequate to compensate for the infringement, but may not be less than a reasonable royalty for the right to make, use or sell the claimed invention.

A royalty is a payment made to the owner of a patent by a non-owner in exchange for rights to make, use or sell the claimed invention. A reasonable royalty is the royalty that would have resulted from a hypothetical negotiation between the patent owner, WhitServe in this case, and a company in the position of CPi.

You may not add anything to the amount of damages to punish the accused infringer or to set an example. You may also not award any interest on any damages.

Closing instructions. I want to just say some final words about your deliberations. First, keep in mind that nothing I have said in these instructions, indeed nothing that I have said or done during this trial, is intended to suggest to you in any way what I think your verdict should be. This is entirely for you to decide.

When you retire to the jury room, it's your duty now to discuss the case with your fellow jurors for the purposes of reaching agreement. Each of you must decide the case for yourself, but

you should only do so after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It's obviously very important that you reach a verdict. You should not hesitate to reconsider your own opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous. Remember, also that, your verdict must be based solely on the evidence in the case, and the law as I have given it to you, not on anything else. Closing arguments or other statements or arguments of counsel, again, are not evidence. If your recollection differs from the way counsel has stated the facts, remember that in all events your recollection controls.

It's very important now that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case. There's only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note to the deputy marshal, who is now going to be outside of your jury room there, signed by your foreperson, or for that matter by any one or more members of the jury. No member of the jury should attempt to communicate with me except by a signed writing. Bear in mind that you are never to reveal in any communication, even to me, how the jury stands numerically or otherwise on the questions before you until you have reached a unanimous verdict.

Now, when you begin your deliberations the first order of business is to select a foreperson. That person will preside over your deliberations and speak for you here in open court.

If during your deliberations you want any of the testimony read, this can be done. Please remember, however, that it's not usually easy to quickly locate transcribed testimony. In the event that you're certain that your collective memories cannot agree on a given fact which you consider important, please be as specific as possible in your request for testimony to be read.

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign it, date it, and advise the marshal outside of your door that you are ready to return to the courtroom. I'm going to stress that each of you should be in agreement with the verdict which is announced in court.

Now, we have prepared a special verdict form for you to use in recording your decision, and this is a series of questions that you are to answer. Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer each question except where the verdict form determines otherwise.

Now, with my ultimate faith in you, I herewith commit this case to your hands, and I know that you're going to decide this correctly. This is going to be an intellectual exercise that is substantial, and gigantic, but I know you're capable of doing it. So with our continued thanks, you're welcome to go along now.

**VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided.  Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.

We, the jury, unanimously agree to the following answers and return them under the instructions of this Court as our verdict in this case.

1. We find CPi's sales for infringing products during the period beginning March 1, 2002 (start of damages period) through May 25, 2010 (date of trial verdict) amount to $_____. We find WhitServe is entitled to ____ percent of CPi's sales for infringing products during this period.

2. We find CPi's sales for infringing products during the period beginning May 26, 2010 (day after trial verdict) through June 30, 2013 (last date for which CPi financial information is available) amount to $_____.  We find WhitServe is entitled to ____ percent of CPi's sales for infringing products during this period.

3. The Court will multiply the sales for infringing products times the percentage for each time period to arrive at WhitServe's damages award.

The Presiding Juror should sign and date the verdict form in the space below.  The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

| DATED: _____, 20 | By:_____<br>          Presiding Juror |
|---|---|