UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WhitServe LLC : | |
|    Plaintiff : | |
| : | |
|    v. : | Civil No: 3:06CV1935(AVC) |
| : | |
| Computer Packasges, Inc : | |
|    Defendants : | |
| : | |

**Ruling on the Plaintiff, WhitServe's, Motion to
Quash the Subpoenas of Attorneys Ball and Winter**

     This is an action for damages and equitable relief involving patent infringement, in which the plaintiff, WhitServe, LLC (hereinafter "WhitServe"), filed suit against the defendant, Computer Packages, Inc. (hereinafter "CPi"), pursuant to the patent laws of the United States, and in particular, 35 U.S.C. § 271 et seq. After the conclusion of a 6-day trial, in which a jury found willful infringement, the court of appeals for the federal circuit vacated the jury's damages award and remanded the case for a new trial on damages.

     WhitServe has filed the within motion to quash with respect to two of CPi's subpoenas, asserting that the schedules and testimony sought are objectionable because they seek the production of attorney work product or privileged communications and are grossly over broad. Specifically, WhitServe moves to quash the subpoenas *testificandum* and *duces tecum* of its attorneys, Gene S. Winter and Stephen F. Ball,

Jr., of the law firm St. Onge Steward Johnson and Reens LLC (hereinafter "SSJR").

The issues presented are: 1) whether the subpoenas should be quashed because of the roles of Winter and Ball as WhitServe's litigation counsel; 2) whether the subpoenas should be quashed becauses they were served without the appropriate witness fee and mileage reimbursment.

For the reasons that follow, the plaintiff's motion to quash the subpoena is DENIED.

## FACTS

On August 8, 2013, this court issued a scheduling order with respect to the remanded trial on damages, which closed fact discovery on September 6, 2013.

CPi served four discovery subpoenas on St. Onge employees, two of which are at issue here. The subpoena, *duces tecum,* of Winter seeks the production of:

1) All documents and things referring or relating to the negotiation of any of the licenses set forth in paragraph 10 of the Declaration of Wesley W. Whitmyer, Jr. dated July 19, 2013.
2) All documents and things referring or relating to the negotiation with any party of a license, release or covenant not to sue under any of the patents-in-suit, whether or not completed.
3) All documents sent to or received from any third party that markets annuity payment services regarding any of the patents-in-suit.
4) All documents sent to or received from any third party that markets annuity payment services regarding CPi, or any CPi products.

   5) All documents and things in your possession, custody or control containing the term "NetDocket".
   6) All documents and things in your possession, custody or control containing any formatives of the term "NetDocket".
   7) All documents and things in your possession, custody or control referring or relating to NetDocket.

The subpoena, *duces tecum*, of Ball seeks the production of:

   1) All documents and things referring or relating to the assertion, set forth in paragraph 12 of the Declaration of Stephen Ball dated April 26, 2013, that documents ND0001-ND0090 "show hundreds of payments made by NetDocket on behalf of numerous patent owners."
   2) All documents and things in your possession, custody or control containing the term "NetDocket".
   3) All documents and things in your possession, custody or control containing any formatives of the term "NetDocket".
   4) All documents and things in your possession, custody or control referring or relating to NetDocket.

## **STANDARD OF REVIEW**

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure authorizes the court to quash a subpoena that "requires the disclosure of privileged or other protected matter..." However, under the Federal Rules of Civil Procedure, the district court has broad discretion to manage discovery. Rule 41(d)(1) properly gives the subpoena for documents or tangible things the same scope as provided in Rule 26(b). Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that "which appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The key phrase... 'relevant to the subject matter involved in the pending action'- has been construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Ultimately, the precise boundaries of the Rule 26 "relevancy" will depend on the context of the particular action, and as such a determination of relevance is within the district court's discretion.

## DISCUSSION

### I. Depositions of Litigation Counsel.

WhitServe argues that "[o]n their face, the Schedules and testimony sought from Attorney Winter and Attorney Ball are objectionable because they seek the production of attorney work product or privileged communications and are grossly over broad." Specifically, WhitServe argues "[t]he Second Circuit has long recognized that depositions of opposing counsel are disfavored." WhitServe argues that when considering factors set forth by the second circuit, "the subpoenas *ad testificandum* and *duces tecum* of Attorney Winter and Attorney Ball must be quashed." In support of this proposition, WhitServe argues that 1) CPi cannot establish any necessity to depose Winter or Ball as to any of the topics specified; 2) Winter and Ball's role in connection with the matter on which discovery is sought has been solely as WhitServe's counsel; 3) a deposition risks invading the attorney-client privilege and attorney

Case 3:06-cv-01935-AVC   Document 669   Filed 11/22/13   Page 5 of 8

work product protection;[1] and 4) the amount of discovery already conducted and availability of alternative discovery devices make a deposition of counsel inappropriate.

CPi responds that Winter and Ball have first-hand information[2] and argue the within motion is an attempt by SSJR attorneys, Winter and Ball, to channel all discovery inquiries back to SSJR attorney, Wesley Whitmyer, the managing member of the plaintiff, WhitServe, and of its subsidiary, NetDocket. Specifically, CPi argues that 1) Winter and Ball have relevant and discoverable information; 2) the fact that SSJR's employees have been deposed does not obviate the need for discovery of Attorneys Winter and Ball; and 3) the claim of invasion of attorney-client privilege is meritless because, as Ball and Winter are actively involved in WhitServe's licensing efforts and its NetDocket subsidiary; WhitServe "can hardly rely on

---

[1] WhitServe states that "CPi seeks to question Attorney Winter about NetDocket and WhitServe's licensing negotiations and Attorney Ball about NetDocket, the knowledge of which they received during their representation of WhitServe and NetDocket. Thus, WhitServe argues, "it is obvious that the depositions present the unnecessary and unacceptable risk that the attorney-client privilege and/or the attorney work product doctrine regarding WhitServe's communications and strategy for proving damages will be invaded."

[2] Specifically, CPi states "[a]s to St. Onge attorney Winter, he was involved in the negotiation of most, if not every, license that will form a core part of the upcoming damages trial." As to Ball, Cpi states "he volunteered himself as a witness when expedient to support WhitServe's goals … Now that Mr. Ball *is* being taken up on his offer and called to testify, so that CPi can test the correctness of his factual representations, he seeks to interpose his role as an attorney as a shield, implicitly reversing his prior choice to advance himself as a fact witness, and his pledge to testify if called."

any complaints of risk as a basis for blocking discovery of non-privileged facts with which they intertwined themselves."

The second circuit has "resisted the idea that lawyers should routinely be subject to broad discovery." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003) (hereinafter In re Friedman). Yet, "the disfavor with which the practice of seeking discovery from adversary counsel is regarded is not a talisman for the resolution of all controversies of this nature." Id. at 71. The In re Friedman court "require[d] a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." In re Friedman, 350 F.3d 65, 72. Specifically, such considerations may include 1) the need to depose the lawyer; 2) the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation; 3) the risk of encountering privilege and work-product issues; and 4) the extent of discovery already conducted. Id.  Thus, "[u]nder this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered." In re Friedman, 350 F.3d 65, 72

The situation here is somewhat unusual given the relationship

of SSJR Attorneys; SSJR has an ownership interest in NetDocket and is involved in the licensing efforts of WhitServe and NetDocket. Considering the factors mentioned above, the court concludes that the role of Winter and Ball as litigation counsel for WhitServe does not insulate them from their subpoenas.

## II. Appropriate Witness Fee and Mileage

WhitServe next argues that "[t]he subpoenas of Attorney Winter and Attorney Ball were both served with an insufficient witness fee of $28." Specifically, WhitServe argues, "[a]s set forth in 28 U.S.C. §1821, the appropriate witness fee is $40/day and the mileage allowance for travel by privately owned vehicle is calculated using the method adopted by the U.S. General Services Administration. 28 U.S.C. §1821 (b)-(c). The current mileage reimbursement rate for privately owned vehicles is $0.565 per mile." Since both of the subpoenas to Winter and Ball were not simultaneously served with the appropriate witness fee and mileage reimbursement, WhitServe argues "service was ineffective and the motion to quash that subpoena must be granted."

CPi responds that "[t]his alleged informality, which was promptly cured, is no reason to quash the subpoenas."

"Serving a subpoena requires delivering a copy to the named person, and if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

It is ideal that the appropriate sums be tendered to the witness for one day's attendance and the mileage allowed by law, and that it be tendered at the time the subpoena is served. However, considering that the insufficient sum was promptly cured by CPi, and that WhitServe did not object to the deposition of two witnesses served in the same manner, the court concludes that the error does not warrant the quashing of the subpoenas.

## **CONCLUSION**

For the aforementioned reasons, the plaintiff's motion to quash subpoena (document no. 568) is DENIED.

It is so ordered this 22nd day of November, 2013 at Hartford, Connecticut.

```
                              _____/s/_____
                              Alfred V. Covello
                              United States District Judge
```