UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
WhitServe LLC                  :
   Plaintiff                   :
                               :
     v.                        :      Civil No: 3:06CV1935(AVC)
                               :
Computer Packasges, Inc        :
   Defendants                  :
                               :
```

**<u>Ruling on the Plaintiff, WhitServe's Motion to Compel</u>**

This is an action for damages and equitable relief involving patent infringement, in which the plaintiff, WhitServe, LLC (hereinafter "WhitServe"), filed suit against the defendant, Computer Packages, Inc. (hereinafter "CPi"), pursuant to the patent laws of the United States, and in particular, 35 U.S.C. § 271 <u>et</u> <u>seq</u>. After the conclusion of a 6-day trial, in which a jury found willful infringement, the court of appeals for the federal circuit vacated the jury's damages award and remanded the case for a new trial on damages.

Whitserve has filed the within motion to compel responses to interrogatories and production of documents. CPi objects to further responses to interrogatories and requests for production. For the reasons that follow, WhitServe's motion to compel is GRANTED in part and DENIED in part.

**FACTS**

On August 8, 2013, this court issued a scheduling order with respect to the remanded trial on damages, which closed fact discovery on September 6, 2013.

On May 20, 2013, WhitServe served on CPi a number of interrogatories and requests for production. Among these were 1) interrogatory numbers 18-19, seeking information on the "revenues CPi has received for its intellectual property management systems"; 2) document request numbers 152-165, regarding CPi's "revenues and calculation of profits"; and 3) a number of categories of documents relating to CPi's "postverdict activities."

**STANDARD OF REVIEW**

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  Furthermore, "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "The definition of relevance [is] to be liberally construed . . . ." Breon v. Coca-Cola Bottling Co., 232 F.R.D. 49, 52 (D. Conn. 2005). Moreover, the district court has "wide latitude to determine the scope of discovery . . . ." In Re Agent Orange Product Liability Litigation, 517 F.3d 76, 103 (2d Cir. 2008).  "The objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules,

each request is not relevant or how each question is overly broad, unduly burdensome or oppressive . . . ." Klein v. AIG Trading Group Inc., 228 F.R.D. 418, 422 (D. Conn. 2005) (internal citations and quotation marks omitted).

**DISCUSSION**

I. **Interrogatory Nos. 18 and 19**

Whitserve argues that the "requested information will assist [it] in making a more accurate calculation of damages resulting from CPi's infringement." Specifically, WhitServe argues the requested information "will require [CPi] to justify which transactions it attributes to the products found to infringe and, as a result, justify which transactions it is not attributing to the products found to infringe (e.g., any other CPi products)." Whitserve argues that "CPi's response to Interrogatory No. 19 will require CPi to identify all of the fees 'CPi charged customers for the Desktop EARS, TERMS, CPi Online, Hosted EARS, and Hosted PMS products.'" WhitServe states that "CPi has only produced information relating to transactions that CPi has determined are infringing, and WhitServe has no ability to validate it because CPi won't produce the underlying records." Explicitly, the interrogatories provide as follows:

**INTERROGATORY NO. 18:** For each year since 2002, provide subtotals for the total annuity payments and service fee revenues, broken down by the CPi system used to manage each patent for which an annuity payment was made, in the spreadsheet attached as Exhibit A, and identify by Bates-number CPi's customary business records that support these subtotals.

**INTERROGATORY NO. 19:** For each year since 2002, provide subtotals for contract fees (e.g., fees charged for use of software), modification fees (e.g., fees charged for modifying software), annual fees (e.g., fees charged for ongoing maintenance of software), and any other fees, other than patent annuity service fees, CPi charged customers for the Desktop EARS, TERMS, CPi Online, Hosted EARS, and Hosted PMS products, in the spreadsheet attached as Exhibit A, and identify by Bates-number CPi's customary business records that support these subtotals.

CPi responds that it "has already produced such information for the infringing products, and such information for non-infringing products is not relevant to a calculation of damages." Specifically, CPi argues it "has produced all summary financial information from 2002 to 2013 Q2 for the infringing products, as well as its customary business records that back up this summary financial information on a year-to-year, customer-by-customer, and transaction-by-transaction basis." Additionally, Whitserve argues that "damages relating to non-infringing products is outside the scope of remand" and that it "did not underreport autopay transactions or revenues."

The court concludes that the information is relevant and, therefore, the motion to compel, with respect to interrogatory numbers 18 and 19, is GRANTED.

## II. Request for Production Nos. 153, 154 and 162 through 164

WhitServe states that "CPi's agreements with its customers specify what its customers are charged for patent annuity payments as well as other fees . . . CPi's ownership provides insight into

CPi's accounting practices and profitability." Specifically, WhitServe argues "these categories of documents are directly relevant to CPi's infringing revenues and profitability." Explicitly, the requests for production provide as follows:

**DOCUMENT REQUEST NO. 153:** All agreements between CPi and its customers regarding Desktop EARS that have been in effect at any time since 2010, including any annuity service agreements for that customer.

**DOCUMENT REQUEST NO. 154:** All agreements between CPi and its customers regarding Hosted EARS that have been in effect at any time since 2010, including any annuity service agreements for that customer.

**DOCUMENT REQUEST NO. 162:** Documents concerning the income listed in CPi's income statements for Contract Systems & Modifications from 2002 to present (including, but not limited to, the income listed in categories 410 and 411 in CPIOO 10826, CPI0009211, and CPI0011380, and categories 41000 and 41100 in CPI0016235, CPI0016248, CPI0293827, CPI0293831, CPI0293846, CPI0294369, CPI0294383, and CPI0294399), including any agreements, invoices, and other documents sufficient to identify the associated CPi system.

**DOCUMENT REQUEST NO. 163:** Documents concerning the income listed in CPi's income statements for Additional Modifications from 2002 to present (including, but not limited to, the income listed in categories 420 and 421 in CPI0010826, CPI0009211, and CPI0011380, and categories 42000 and 42100 in CPI0016235, CPI0016248, CPI0293827, CPI0293831, CPI0293846, CPI0294369, CPI0294383, and CPI0294399), including any agreements, invoices, and other documents sufficient to identify the associated CPi system.

**DOCUMENT REQUEST NO. 164:** Documents concerning the income listed in CPi's income statements for Maintenance Contracts from 2002 to present (including, but not limited to, the income listed in categories 440 and 441 in CPIOO 10826, CPI0009211, and CPI0011380, and categories 44000 and 44100 in CPI0016235, CPI0016248, CPI0293827, CPI0293831, CPI0293846, CPI0294369, CPI0294383, and CPI0294399), including any agreements, invoices, and other documents sufficient to identify the associated CPi system.

CPi responds that it either "produced all responsive documents it could locate after a reasonable search, or objects to some requests because the documents sought are not reasonably calculated to lead to the discovery of admissible evidence." Specifically, with regards to requests for production numbers 153 and 154, CPi states that it "has produced all the agreements regarding Desktop and Hosted EARS that it could locate after a reasonable search." With respect to requests for production numbers 162-164 CPi states that it "has produced all responsive documents it could locate after a reasonable search, including the summary financial data documents which set forth the licensing, maintenance and annual fee revenues. As to non-infringing products, CPi objects to these requests, because the documents being sought are not reasonably calculated to lead to the discovery of admissible evidence on remand."

The court concludes that the motion to compel, with respect to request for production numbers 153 and 154, are DENIED; the court cannot compel the defendant to produce information it does not have. In regards to the request for production numbers 162-164, insofar as they request locatable information, the court concludes that the information is relevant to the issue of damages and the motion to compel is GRANTED.

III. **Request for Production Nos. 152, 155, 156, and 158**

WhitServe argues "[d]ocuments responsive to these requests evidence WhitServe's claim that CPi has attributed great value to the patented technology." Specifically, Whitserve argues that "CPi's offers to indemnify its customers for post-verdict willful infringement and its ongoing attempts to invalidate the patents by cooperating with other infringers support the contention that CPi considers the technology essential to its business." Explicitly, the requests for production provide as follows:

**DOCUMENT REQUEST NO. 152:** All communications between CPi and its customers after March 31,2010 regarding use of the CPi Products, including any proposals or agreements to indemnify customers.

**DOCUMENT REQUEST NO. 155:** All documents and things concerning cooperation between CPi and any third party to defend or assert a claim against WhitServe, including but not limited to any communications with and any documents provided by the third party.

**DOCUMENT REQUEST NO. 156:** All documents and things concerning cooperation between CPi and GoDaddy.com, Inc. (or its affiliates) to defend or assert a claim against WhitServe, including but not limited to any communications with and any documents provided GoDaddy.com,Inc.

**DOCUMENT REQUEST NO. 158:** All communications between CPi and its customers after March 31, 2010 regarding this action, the patents-in-suit, WhitServe, or NetDocket.

CPi again responds that it either "produced all responsive documents it could locate after a reasonable search, or objects to some requests because the documents sought are not reasonably calculated to lead to the discovery of admissible evidence." Specifically, in regards to request for production no. 152, CPi argues "[t]he requested documents are not even tangentially related

to the calculation of damages, the only issue on remand, and in any event the amount of 'use' of the infringing products is reflected *in toto* by the service fee revenue and licensing fee revenue that CPi has already produced." Concerning requests for production numbers 155 and 156, CPi argues "the documents being sought are not reasonably calculated to lead to the discovery of admissible evidence on remand — they clearly have nothing to do with the calculation of damages." CPi argues it "is not involved with anyone else in any ongoing attempts to invalidate the patents, and Mr. Van Winter has had no such communications with third parties." With respect to request for production number 158, CPi states it "has produced all responsive documents it could locate after a reasonable search."

The court concludes that the motion to compel, with respect to request for production number 158, is DENIED; the court cannot compel the defendant to produce information it does not have. In regards to the requests for production numbers 152, 155, and 156, the court concludes that the information is not relevant to the issue of damages and, therefore, the motion to compel is DENIED.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion to compel (document no. 579) is GRANTED in part and DENIED in part.

It is so ordered this 22nd day of November, 2013 at Hartford, Connecticut.

                                                 /s/
                                     Alfred V. Covello
                                     United States District Judge