3:06-cv-1935(AVC) January 27, 2014. The defendant's [601] motion to dismiss with prejudice is DENIED.

"The sound legal principle guiding the choice of the sanction to impose for dilatory conduct is that the remedy of dismissal is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions." Ocello v. White Marine, Inc., 347 F. App'x 639, 641 (2d Cir. 2009) (quoting Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996) (internal quotation marks and brackets omitted)).

CPi argues that, on May 18, 2010, Wesley Whitmyer and trial counsel for WhitServe presented at trial a fabricated exhibit, Plaintiff's 264, and misleadingly testified to the jury about it in the trial of this case. Specifically, CPi argues "Whitmyer's fabricated exhibit and misleading testimony were highly prejudicial—indeed, they likely were critical both to the liability verdict, and to the damages award that compelled this damages retrial—and remain directly pertinent to the remedies that plaintiff continues to seek in this lawsuit." According to CPi, "the Court should exercise its inherent authority and dismiss the case as a sanction for WhitServe's misconduct.

WhitServe responds that "[t]here was no impropriety in Mr. Whitmyer preparing PLT 264." Specifically Whitserve argues that CPi has not identified any "misleading" testimony and cannot "identify any prejudice it has suffered." WhitServe argues "CPi had the opportunity at trial to challenge WhitServe's evidence and present its own but failed to do so successfully."

The court concludes that CPi has failed to articulate a basis for the relief requested. Therefore, the motion to dismiss is denied.

SO ORDERED.

                                            /s/
                                    Alfred V. Covello
                                    United States District Judge